IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Chapter 7 |
| | ) | |
| LBW ACQUISITION, INC., | ) | 10 B 04456 |
| | ) | |
| Debtor. | ) | |

## N O T I C E

TO: Ms. Lauren Newman, via CM/ECF
Mr. Kent Gaertner, via CM/ECF
Mr. Terrance Fenelon, via CM/ECF

PLEASE TAKE NOTICE that on the 15th day of October, 2010 at the hour of 10:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable **JOHN H. SQUIRES,** Bankruptcy Judge, at the DuPage County Courthouse, 505 North County Farm Road, Courtroom No. 4016, Wheaton, Illinois, or before such other Judge as may be sitting in his place and stead, and then and there present the attached Application, at which time and place you may appear, if you so see fit.

_____/s/   GINA B. KROL_____
GINA B. KROL
105 W. Madison St., Ste 1100
Chicago, IL 60602
312/368-0300

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF C O O K | ) |

GINA B. KROL, being first duly sworn on oath, deposes and states that the foregoing Notice together with a copy of the Application attached thereto was served on the above Service List by the means set forth above, this 7th day of October, 2010.

_____/s/   GINA B. KROL_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LBW Acquisition, Inc. D/B/A L. Brandys | ) | No. 10 B 04456 |
| | ) | |
| 20-5368877 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. John H. Squires |

FIRST AND FINAL APPLICATION
OF ALAN D. LASKO & ASSOCIATES, P.C.
FOR ALLOWANCE COMPENSATION AND EXPENSES

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C.,** Certified Public
Accountants, request first and final compensation of $679.50 for the time period from
September 10, 2010 through October 6, 2010. A detail is provided herein for the Estate, which
identifies by subject matter the services performed by the Applicant. Additional detail is
provided to reflect the function and individual performing said services. Lastly, each individual's
classification and hourly rate is also reflected. In addition, attached as Exhibit A is the Affidavit
pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. §
1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is
proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## LBW ACQUISITION, INC. D/B/A L. BRANDYS

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11

of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1

of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the

Local Rules"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the

United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").


Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has

received or may receive in these cases with another person or party other than the Firm's

partners, of counsel, associates, and other employees, or (b) any compensation another person or

party has received or may receive in these cases.


## GENERAL


The Debtor filed a petition under Chapter 7 on or about February 5, 2010.   A Trustee was

subsequently appointed.   On September 10, 2010, Alan D. Lasko & Associates, P.C. was

approved by the Court issued as the accountants for the Trustee.  Reflected in this fee petition is

the Applicant's time for the preparation of the Estate's income tax returns.

## LBW ACQUISITION, INC. D/B/A L. BRANDYS

The following represents a description of the primary individuals in this engagement.

Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 24 years.  He brings his 34 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF).  Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society.  Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics.  Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

## STAFF – SUPERVISORS, SENIORS AND ASSISTANTS

SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level.  Supervisors have administrative and overview responsibility on a broader level than senior accountants.  Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

## LBW ACQUISITION, INC. D/B/A L. BRANDYS

SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

## FEE APPLICATION

The fees sought by this First and Final Fee Application reflect an aggregate of 3.0 hours of ADLPC's time spent and recorded in performing services during the First and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

## LBW ACQUISITION, INC. D/B/A L. BRANDYS

All of the services for which final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

### BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

### BILLING

The Applicant has incurred .6 hour in the preparation of this fee Application.

Cost            $55.50

## LBW ACQUISITION, INC. D/B/A L. BRANDYS

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.1 | $ 260.00 | $ 26.00 |
| C. Wilson, Staff | 0.5 | 59.00 | 29.50 |
|  | 0.6 |  | $ 55.50 |

## YEAR-END WORK

The Applicant incurred 2.4 hours in the preparation of the Estate's workpapers and year-end tax returns.

The work also included the following:

- Summarized Trustee's Forms 2.
- Reviewed Bankruptcy Schedules.
- Prepared document requests of Trustee.
- Reviewed Debtor's 2008 and 2009 (final) returns.
- Prepared recap for Trustee regarding incorrect final return filing by Debtor.

Cost                    $624.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 2.4 | $ 260.00 | $ 624.00 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

6

## LBW ACQUISITION, INC. D/B/A L. BRANDYS

| | | | |
|---|---|---|---|
| Owner | $250 | - | $275 |
| Manager/Director | 180 | - | 250 |
| Supervisors | 160 | - | 180 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its first and final fee period are as follows:

| Recap by Project | First and Final Application |
|---|---|
| Billing | $ 55.50 |
| Year-End Work - Net | 624.00 |
| Net Request | $ 679.50 |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 0.6 | $ 55.50 | $ 92.50 |
| Year-End Work | 2.4 | 624.00 | $ 260.00 |
| | 3.0 | $ 679.50 | $ 226.50 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

## LBW ACQUISITION, INC. D/B/A L. BRANDYS

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and
>
> (E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

## LBW ACQUISITION, INC. D/B/A L. BRANDYS

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. As shown by this First and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the First and Final compensation sought herein for the Compensation Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested first and final compensation of $679.50 should be allowed for services by your Applicant for the period September 10, 2010 through October 6, 2010.

_____

Alan D. Lasko

Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois 60603
(312) 332-1302

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LBW Acquisition, Inc. D/B/A L. Brandys | ) | No. 10 B 04456 |
| | ) | |
| 20-5368877 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. John H. Squires |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
                                )         SS.
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.     I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Gina B. Krol, Chapter 7 Trustee in this case ("Trustee").

2.     I have read the First and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.     Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this ___6th___ day of October, 2010.

_____
Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/11/12

10